

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clint Barham
County Attorney
Erath County·
Stephenville, Texas.

Dear Sir:

Opinion No. 0-1431
Re: Must the commissioners' court pay the
salaries of the county officials on
the day on which they are due even
though there is no money in the Offi-
cers' Salary Fund and other funds must
be transferred to make up the defi-
ciency in the Officers' Salary Fund?

We are in receipt of your telegraphic request
for an opinion of this Department on the following
question:

"For some time we have had difficulty con-
vincing the commissioners court of Erath
County that it is obligatory on their part
that they pay the county officials salaries
on the day on which they are due even though
there is no money in the Officers' Salary
Fund with which to pay the same. But that
they must transfer from other funds a suffi-
cient amount of money to make up the defi-
ciency in the Officers' Salary Fund with
which to pay the county officials. As to-
day was the day that our salaries were due,
and as the commissioners have failed and
refused to pay the salaries, and as the of-
ficers are in urgent need of the same, I
would appreciate your waiving the requirement
that a brief be prepared on this and your
giving us an answer on this matter immediate-
ly."

Article 3912e, Section 6(b), reads as follows:

"No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the commissioners' court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom." (Underscoring ours)

We note the use of the words "other funds" in this phrase in your letter. "But that they must transfer from other funds (underscoring ours) a sufficient amount of money to make up the deficiency in the Officers' Salary Fund with which to pay the county official."

By the terms of the above quoted article and section, the commissioners' court is only authorized to make transfers from the General Fund of the county to the Officers' Salary Fund.

Such a transfer as is provided for in the above quoted section would not be in conflict with the implied prohibition contained in Section 9 of Article 8 of the Constitution of the state of Texas against the transfer by the commissioners' court of a county of money from one constitutional fund to another. CARROLL v. WILLIAMS, 109 TEXAS 155, 202 S.W. 504.

In no sense is the transfer of monies from the General Fund to the Officers' Salary Fund an unconstitutional diversion of taxes for an unauthorized purpose. There is no unlawful transfer or diversion because the payment of the salaries of county officers is one of the purposes of the County General Fund. Theoretically the constitutional General Fund of the County and the statutory Officers' Salary Fund are both charged with the payment of the salaries of county officers, available funds in the former supplementing monies in the latter in the event of a deficiency.

The provision contained in Section 6(b) of Article 3912e, above quoted, for the transfer of funds from the General Fund to the Officers' Salary Fund, when the monies in the latter fund are insufficient to meet the salary claims against it is mandatory and in the event of a deficiency in the Officers' Salary

Fund the commissioners' court has no choice but to
effect the transfer from the General Fund subject,
however, to one qualification.

The only limitation upon such a transfer
arises where the monies in the General Fund itself
are insufficient to meet outstanding registered
claims against the county.

Article 1625, Revised Civil Statutes, 1925,
provides:

"Each county treasurer shall keep a well-
bound book in which he shall register all
claims against his county in the order of pre-
sentation, and if more than one is presented
at the same time he shall register them in the
order of their date. He shall pay no such
claim or any part thereof, nor shall the same,
or any part thereof, be received by any offi-
cer in payment of any indebtedness to the
county, until it has been duly registered in
accordance with the provisions of this title.
All claims in each class shall be paid in the
order in which they are registered."

A transfer from the General Fund to the Offi-
cers' Salary Fund cannot be made at the expense of the
registered claim holders. Where all the monies in the
General Fund are obligated by outstanding or unpaid
script, a transfer prejudicial to the possessors of
script cannot be effected. See opinion of this Depart-
ment, dated May 8, 1936, to Hon. Hosea L. Edwards, County
Attorney, Nacogdoches County, by Hon. Joe J. Alsup,
Assistant Attorney General.

In such a case the result of a transfer from
the General Fund to the Officers' Salary Fund would be
to create a further indebtedness against the General
Fund which would be subordinate to all prior registered
claims.

As stated by Hon. Joe J. Alsup in the above
referred to opinion.

"The practical effect of this is that the
General Fund merely goes further in the 'red'".

Hon. Clint Barham, page 4


Where the deficiency exists in the General Fund under Article 3912e, Section (b) above quoted, there can be no actual transfer of cash from the General Fund. There can only be created a new claim against the General Fund which must be paid in the order of its priority.

We quote further from the opinion above referred to by Hon. Joe J. Alsup:

" * * * all claims against the County must be paid in the order in which they were registered. Thus warrants of officials do not necessarily hold priority over outstanding unpaid script of the general fund. However, we do not wish to be understood as ruling that the Officers' Salary Fund is subject to the general provisions of the law, Article 1625, Revised Civil Statutes, and evidently the Legislature intended that payments from such fund should be made in cash as Section 13 of Senate Bill No. 5, specifically provides that all officials must be paid in money. The general fund of the County, however, is still subject to the terms of Article 1625. As stated above, no registration is necessary for officials drawing salary from the Officers' Salary Fund and upon the transfer being made from the general fund to the Officers' Salary Fund the county officials should be paid in so far as possible in cash out of said fund regardless of the status of the general fund."

It is our opinion that under the terms of Article 3912e, Section 6 (b), Vernon's Annotated Civil Statutes, it is obligatory and mandatory upon the commissioners' court of a county to transfer monies from the General Fund to the Officers' Salary Fund where there are no monies in the latter fund with which to pay salaries of county officers provided, however, that where there are sufficient outstanding registered claims against the General Fund of a county to create a deficiency in that fund, then there may be no transfer of actual cash from the General Fund, but only the creation of a new claim against

Hon. Clint Barham, page 5

the General Fund which is subordinate to prior out-
standing registered claims against the General Fund
and is payable in order of its priority.

Trusting that the above fully answers your
inquiry, we are

ATTORNEY GENERAL OF TEXAS

*Dick Stout*

Dick Stout
Assistant

DA:ob

APPROVED OCT 5, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
opinion committee
By     BWB
       chairman